UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

C/M

------------------------------------------------------- X
                         :

PETER BODA,                    :

              Plaintiff,   :

        - against -       :

                     :

COMMISSIONER OF N.Y. MOTOR  :
VEHICLES,                  :

             Defendant.  :

                     :
------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 4098  (BMC)

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  AUG 27 2012  ★

**BROOKLYN OFFICE**

**COGAN**, District Judge.

      Plaintiff, proceeding *pro se*, files this action against the Commissioner of the New York

Department of Motor Vehicles, alleging that while plaintiff was in pretrial detention, his car was

impounded and never returned to him.  Plaintiff seeks the return of his property or damages in the

amount of $175,000.  Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28

U.S.C. § 1915 solely for the purpose of this Order.  For the reasons stated below, the Complaint is

dismissed.

## BACKGROUND

      Plaintiff alleges that he was arrested on March 13, 2009.  He claims that while detained for

over nineteen months pending trial, his "personal belongings, including his motor vehicle, were

left on the street and impounded by the Department of Motor Vehicles."  He was later acquitted.

Plaintiff states that among the items lost were his "musical instruments, the collection of pop

music, jazz music, and musical instruction books, including guitars, keyboards and recorders."  It

is unclear from the Complaint if these items were in the impounded car, or were otherwise "left on

the street."  Plaintiff also claims to have lost his "birth certificates [and] Id's [sic], including

passports and Citizenship papers from his native country of Serbia."

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation marks omitted). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).

## DISCUSSION

As a state official, the Commissioner of the New York Department of Motor Vehicles is protected by Eleventh Amendment sovereign immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has "abrogate[d] the states' Eleventh Amendment immunity when acting pursuant to its authority under section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F. 3d 355, 366

2

(2d Cir. 2009) (citation and internal quotation marks omitted).   Although the Eleventh Amendment, by its terms, does not bar federal courts from hearing suits brought against a State by its own citizens, the Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 687 (1993) (quoting Edelman v. Jordan, 415 U.S. 651, 652-63, 94 S. Ct. 1347, 1355 (1974)) (internal quotation mark omitted).   This bar exists whether the relief sought is legal or equitable. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984).

"The sovereign immunity of the Eleventh Amendment extends to 'state officers who are sued in [his or her] official capacity since a suit brought against a state official in [his or her] official capacity is not a suit against the official but rather a suit against the official's office.'" Mullin v. P & R Educational Services, Inc., 942 F. Supp. 110, 112 (E.D.N.Y. 1996) (quoting Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y 1996)) (holding that the Commissioner of the Department of Motor Vehicles is entitled to Eleventh Amendment sovereign immunity). Accordingly, plaintiff's action against the Commissioner in her official capacity is actually a suit against the State of New York, and as such, must be dismissed as barred by the Eleventh Amendment.   Moreover, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."   Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (citation and internal quotation marks omitted).   Plaintiff has not alleged any conduct on the part of defendant to indicate her personal involvement.   Thus, plaintiff has failed to allege a cause of action against the Commissioner not barred by New York State's sovereign immunity.

Finally, to the extent that plaintiff may be seeking to bring a claim against the Department

3

of Motor Vehicles ("DMV"), that claim would also be barred by the Eleventh Amendment.  In

Mullin, the court found that the "arm of the state" doctrine extended sovereign immunity to the

DMV because "the DMV is created by, funded by and essentially controlled by the State."  942 F.

Supp. at 112-114 (applying six Feeney v. Port Authority Trans-Hudson Corp., 873 F.2d 628,

630-31 (1989) factors and finding that the DMV is an "arm of the state.").

## CONCLUSION

Plaintiff's complaint is dismissed because it seeks monetary relief against a defendant who

is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(iii).   The Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith; therefore *in forma*

*pauperis* status is denied for purpose of an appeal.   See Coppedge v. United States, 369 U.S.

438, 444-45, 82 S. Ct. 917, 920-21 (1962).

**SO ORDERED.**

U.S.D.J.

Dated:  Brooklyn, New York
        August 24, 2012

4